UNITED STATES DISCTRIC COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JUAN DOMINGUEZ-RUBIO;<br>URBANA CORREA-GONZÁLEZ<br><br>    Plaintiff<br><br>Vs.<br><br>HEWLET PACKARD CARIBE BV, L.L.C.<br><br>    Defendant | Case No.: 13-1139<br><br><br>RE: Age Discrimination<br><br>JURY TRIAL DEMANDED |

**COMPLAINT & DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES Plaintiffs Juan Dominguez-Rubio ("Dominguez" or "Dominguez-Rubio") and Urbana Correa González, through his undersigned attorney and very respectfully, states, prays and alleges:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4); and under 29 U.S.C. 626(c), since it is a civil rights action arising under the laws of the United States, more specifically under the Age Discrimination in Employment Act ("ADEA").

2. This Court has supplemental jurisdiction to hear plaintiff's claims predicated on causes or action and rights arising under Commonwealth of Puerto Rico Law; under 28 U.S.C. §1367(a).

1

3. The facts occurred in, or are related to, the judicial District of Puerto Rico. The plaintiff is resident of Puerto Rico and most of the witnesses reside in Puerto Rico. The alleged discriminatory acts took place in Puerto Rico, for which venue is in this Honorable Court.

4. Plaintiffs Juan Dominguez-Rubio and his spouse Urbana Correa-Gonzalez are residents of San German, Puerto Rico.

5. Dominguez Rubio is an Engineer who worked for the Defendant and its predecessor corporations from June 26, 1996 until August 3, 2012, date in which he was terminated.

6. Dominguez-Rubio, was born in January 14, 1951, he was 61 years old on the date of his termination.

7. At the time of his termination Dominguez-Rubio was a Product Engineer.

8. At the time of his termination Dominguez-Rubio was doing the same job that other product-engineers were doing for his employer, the Defendant.

9. At the time of his termination there were forty two (42) other Product Engineers working for the Defendant.

10. Plaintiff's work as a Product Engineer, consisted in 1) coordinate the development of the necessary tools for the manufacturing of HP Products; 2) coordinate the manufacturing of prototypes; 3) ensure the functionality of the product; 4) identify problems in the manufacturing process and inform development engineers; 5) responsible for the quality metric of the product and correction of deviations.

11. At the time of his termination all the other forty two (42) Product Engineers working for the defendant were younger than the Dominguez-Rubio.

12. At the time of his termination, the only product engineer over sixty years old that terminated because of the alleged Reduction in Force was Dominguez-Rubio.

13. On May 28, 2012 Dominguez Rubio received a letter ("May 23, 2012 letter") was informed that there would be a restructuring of the company as a result in a "Reduction in Force" owned by the Defendant and that he would be "redeployed" on June 4, 2012.

14. The May 23, 2012 letter defined redeployment as a period of time in which he could find another job similar to the one he currently had at HP and for which he would be qualified for the position.

15. The May 23, 2012 letter advised Dominguez Rubio that if he could not find another employment with the Defendant where he could be redepoled, he may be terminated on August 3, 2012 his employment would be terminated.

16. The May 23, 2012 letter alleging a restructuring and Reduction in Force ("RIF") as a cause for Dominguez-Rubio's Termination was a pretext since all other Product Engineer's in Plaintiff's division remained in their positions and only Dominguez Rubio, was terminated.

17. The alleged economic reasons behind the defendant the "Reduction in Force" was false because at the same time that plaintiff was told he would be terminated the defendant was recruiting and in fact did recruit another Product Engineer in the Puerto Rico Manufacturing Operations.

18. Plaintiff's supervisor, Engineer Manuel Martínez, Product Engineering Manger, found out of the RIF on the very same day of tendering the May 23, 2012 letter. Plaintiff's termination was an isolated termination.

19. To this date Defendant has remained a profitable enterprise, making any RIF a pretext for discriminatory termination of plaintiff a pretext.

20. Plaintiff was told by his employer that 13 employees in total would be terminated. Of the total 13 terminated only one, an Engineer (Cf. Product Engineer), was older than plaintiff.

21. Plaintiff's job functions duties were not eliminated but were actually redistributed to other engineers with less experience and younger than the plaintiff.

22. Plaintiff sent a resume to his employer for the New Product Engineer position that opened after the announced and plaintiff ignored and rejected. Plaintiff was qualified for the new position.

23. Plaintiff filed a Charge of Discrimination with the Commonwealth of Puerto Rico's Department of Labor's Anti-Discrimination Division on July 9, 2013. On October 15, 2012, given the lack of any progress plaintiff requested that he be allowed to file suit. The request was granted on October 25, 2012.

24. The Commonwealth of Puerto Rico's Department of Labor's Anti Discrimination Division informed plaintiff on October 25, 2012, that his case before that Department would be closed and that the matter would referred to the EEOC.

25. Plaintiff made several attempt's to obtain a right to sue letter from the EEOC. Since the EEOC did not respond to his requests, plaintiff then filed with the EEOC a Charge of Discrimination on December 14, 2012.

26. As a result of the lack of response from the EEOC and on December 14, 2012 filed a charge of discrimination directly with the EEOC. The EEOC asked plaintiff to call its office, which plaintiff did on January 2, 2013, and informed Ms. Lourdes M. Guzmán, of the EEOC of the filing with the Commonwealth Department of labor, but the EEOC to date has neither issued a right to sue letter nor acted with respect to Plainiff's charge of discrimination.

27. Defendant was terminated because of his age. Defendant's decision was motivated by plaintiff's age which played a role in defendant's decision making process and had a determinative influence on the outcome of its decision not to hire plaintiff at other positions and terminate plaintiff in his current position.

28. On account of the decision not to hire plaintiff, plaintiff Dominguez-Rubio and his spouse were damaged by defendant.

29. Plaintiff's spouse Urbana Correa González has suffered on account of plaintiff's termination.

WHEREFORE, the plaintiff prays that the Court order such relief as is necessary to make the plaintiff whole, including:

1. Damages, including the payment of wages lost and an additional equal amount as liquidated damages equivalent to the increased amount plaintiff would have

   received in salary as a full time after his termination. Such damages are estimated as of today's date at $45,000.00

2.  An award of front pay under Federal Law estimated at $210,000.00.

3.  Severance pay for illegal termination without cause, under Puerto Rico Law No. 80, approximately $97,000.00

4.  Front pay under Puerto Rico Law: $284,000.00

5.  Such other relief as is just and equitable.

6.  Reasonable attorneys fees and costs.

RESPECTFULLY SUBMITTED.

At San Juan, Puerto Rico this 14th day of February, 2013.

         **s/ Edelmiro Salas González**
         EDELMIRO SALAS GONZALEZ
         USDC Bar No. 218004
         Urb. Villa Nevarez
         1072 Calle 17
         San Juan, PR 00927
         Tel. (787) 376-4659
         esalas@me.com